# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

ROY GAREY LINDSEY,      )
#67021,                   )
                           )     CIVIL ACTION NO. 9:11-695-MBS-BM
            Petitioner,   )
                           )
v.                         )     **REPORT AND RECOMMENDATION**
                           )
BERNARD MCKIE, Warden,   )
                           )
            Respondent.  )
_____)

         Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed <u>pro</u> <u>se</u> on March 17, 2011.[1]

         The Respondent filed a return and motion for summary judgment on June 2, 2011. As the Petitioner is proceeding <u>pro</u> <u>se</u>, a <u>Roseboro</u> order was filed on June 6, 2011, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case.

         Petitioner filed a response in opposition and his own motion for summary judgment on July 11, 2011. The Respondent filed a reply to Petitioner's memorandum in opposition on July 18, 2011, and a response in opposition to Petitioner's motion for summary judgment on July 28, 2011.

_____

     [1]Filing date per <u>Houston v. Lack</u>, 487 U.S. 266, 270-276 (1988).

1



This matter is now before the Court for disposition.[2]

## Procedural History

Petitioner is presently confined in the Maximum Security Unit ("MSU") at the Kirkland Correctional Institution (KCI) of the South Carolina Department of Corrections ("SCDC"), pursuant to orders of commitment from the Clerks of Court of Greenville and Richland Counties. The record reflects that Petitioner pled guilty to Armed Robbery and Larceny in 1972 in Greenville County; see Respondent's Exhibit 1; and that since that time he has been convicted of numerous counts of escape and/or attempted escape, as well as numerous other crimes, including larceny, armed robbery, criminal sexual conduct, and vehicle theft. See Respondent's Exhibits 1 and 2. Petitioner received sentences of varying lengths for these criminal convictions and currently has a projected release date of May 30, 2014. See Respondent's Exhibits 1 and 2.

In this habeas petition, Petitioner challenges a judgment from a January 2003 SCDC disciplinary hearing for Escape or Escape Attempt or Aiding & Abetting Escape with/without Force that took place at the Kirkland Correctional Institution. See Respondent's Exhibits 3 and 4. The disciplinary hearing charge arose out of an incident that took place on May 22, 1997 during which petitioner and two other inmates under the custody of SCDC allegedly climbed the recreation yard fence at the Evans Correctional Institution (ECI), overpowered the driver of a garbage truck, and drove the garbage truck through the front gates of ECI. See Respondent's Exhibit 4. Petitioner and the other inmates were pursued by officers in SCDC vehicles and were apprehended after a short chase. See

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The parties have filed motions for summary judgment. As these are dispositive motions, this Report and Recommendation is entered for review by the Court.



Respondent's Exhibit 4.

As a result of this incident, Petitioner was indicted on charges of Malicious Injury to Real Property, Carjacking, and Escape. See Respondent's Exhibits 5, 6, and 7. On April 27, 1998, Petitioner pled guilty to all three charges and received five (5) year sentences for each of the charges. Id. These sentences are being served concurrently with each other, but consecutively to all of Petitioner's prior sentences. Id. In addition to these criminal charges, the SCDC also charged Petitioner with a number of disciplinary infractions arising out of the May 1997 incident. Petitioner was first charged and found guilty of these infractions on or around August 20, 1997. See Respondent's Exhibits 4, 8, and 9. Petitioner challenged the decision from the disciplinary hearing in the South Carolina Administrative Law Court ("ALC"). See Respondent's Exhibit 9. In an Order dated November 8, 2001, the ALC Judge remanded the case back to the SCDC to create a reviewable record for the ALC from the disciplinary hearing, and for the SCDC to "conduct a contested case hearing on the charges stemming from [Petitioner's] escape pursuant to the Administrative Procedures Act." See Id; see also Respondent's Exhibit 8.

On January 7, 2003, Petitioner was again brought before the Disciplinary Hearing Officer and a hearing was held with regard to the May 1997 escape.[3] See Respondent's Exhibit 38. At the conclusion of the hearing, Petitioner was convicted of the underlying charge and was sanctioned with the loss of 4,560 days good time credits. Id. However, that total was subsequently reduced to

---

[3]As noted by the Respondent, disciplinary hearings were also held in February 2002 and August 2002 with regard to the charges stemming from Petitioner's escape. See Respondent's Exhibits 10, 11, 12, 13, and 14. Petitioner was convicted of the underlying charges at the conclusion of both hearings, and the Petitioner again challenged these convictions. Id. The SCDC ultimately overturned the convictions from the February 2002 hearing, and the conviction for Escape or Escape Attempt or Aiding and Abetting Escape with/without Force from the August 2002 hearing. Id. However, approval was granted to conduct a rehearing on the overturned conviction. Id.



1300 days of good time credits, the total number of good time credits Petitioner had accrued against his sentence at that time.  <u>See</u> Respondent's Exhibits 39, 40, and 41.

Following his conviction at the January 2003 hearing, Petitioner filed a Step 1 grievance with the SCDC on January 21, 2003.  <u>See</u> Respondent's Exhibit 15.  However, before he received  a response to that grievance, Petitioner filed a Notice of Appeal with the ALC from the disciplinary hearing conviction on April 14, 2003.  <u>See</u> Respondent's Exhibit 16.  Petitioner's appeal was dismissed by the ALC Judge on April 28, 2003 for failure to exhaust administrative remedies since Petitioner's Step 1 grievance with the SCDC had not yet been processed.  <u>See</u> Respondent's Exhibit 16.  Petitioner's Step 1 grievance was then considered by the SCDC and denied on May 7, 2003.  <u>See</u> Respondent's Exhibit 15.

Petitioner appealed the denial of his Step 1 grievance by  filing a Step 2 grievance on May 8, 2003.  <u>See</u> Respondent's Exhibit 17.  Petitioner's Step 2 grievance was denied on May 21, 2003.  <u>See</u> Respondent's Exhibit 17.  Petitioner then filed a Notice of Appeal with the ALC on June 17, 2003, which was dismissed on September 17, 2007 on the grounds that the Notice of Appeal failed to provide a factual basis for his claims violation in violation of ALC Rule 59.  <u>See</u> Respondent's Exhibits 18 and 19.  Petitioner appealed the decision of ALC to the South Carolina Court of Appeals, and the Court of Appeals affirmed the decision of the ALC in an unpublished opinion filed September 9, 2008.  <u>See</u> Respondent's Exhibit 20.  Petitioner filed a Petition for Rehearing with the Court of Appeals, but this Petition was denied by Order dated October 27, 2008.  <u>See</u> Respondent's Exhibit 21. On November 21, 2008, Petitioner filed a Petition for Writ of Certiorari with the South Carolina Supreme Court, but the Supreme Court denied Petitioner's Petition for Writ of Certiorari on April 10, 2009.  <u>See</u> Respondent's Exhibit 22.



On April 28, 2009, Petitioner filed a Petition for Writ of Habeas Corpus dated April 23, 2009, asserting claims arising out of his January 2003 disciplinary hearing conviction. <u>See</u> Respondent's Exhibit 23. However, on July 10, 2009, Petitioner filed a Motion for Voluntary Dismissal, stating that he "believe[d] he should give the state courts another chance to rule on the merits of the complaint before bringing his petition to Federal Court." <u>See</u> Respondent's Exhibit 24. Petitioner's case was then dismissed. <u>See</u> <u>Lindsey v. Ozmint</u>, No. 9:09-1105.

On April 30, 2009, Petitioner filed a Notice of Appeal with the ALC in which he claimed he was appealing from a memorandum issued by SCDC Staff Attorney Robert Peele, which he had received on April 10, 2009. <u>See</u> Respondent's Exhibits 25 and 26. On May 21, 2009, Petitioner filed a second Notice of Appeal, in which he claimed he was appealing from the decision of grievance MSU 0037-03, the same decision he challenged in his June 17, 2003 Notice of Appeal to the ALC. <u>See</u> Respondent's Exhibits 18 and 27. On September 17, 2009, the ALC Chief Administrative Judge dismissed Petitioner's Appeal on the grounds that Petitioner failed to exhaust his administrative remedies prior to filing his appeal. <u>See</u> Respondent's Exhibit 28. Petitioner again appealed the decision of the ALC to the South Carolina Court of Appeals, which affirmed the decision of the ALC on October 28, 2010. <u>See</u> Respondent's Exhibit 29. Petitioner petitioned for rehearing, but his Petition was denied on December 17, 2010. <u>See</u> Respondent's Exhibit 30. Petitioner then filed a Petition for Writ of Certiorari to the South Carolina Supreme Court, which was denied on February 16, 2011. <u>See</u> Respondent's Exhibits 31, 32, and 33.

In the interim, Petitioner had also again filed Step 1 and Step 2 grievances challenging his January 2003 disciplinary hearing conviction. <u>See</u> Respondent's Exhibits 34 and 35. These grievances were denied, and on February 10, 2010, Petitioner filed yet another Notice of Appeal with



5

the ALC. This was while his appeal from the September 17, 2009 Order of the ALC was also still pending with the Court of Appeals. Id.; see also Respondent's Exhibit 36. By Order dated January 27, 2011, the ALC Judge dismissed Petitioner's appeal with prejudice, noting that Petitioner's other appeal was still pending. The ALJ Judge further recommended that the SCDC "impose further sanctions upon Appellant in the form of earned work, education or good conduct credits, not to exceed ninety (90) days," because Petitioner had "continuously filed frivolous and duplicative claims that are intended solely to harass the Department." See Respondent's Exhibit 36.

In his Petition for writ of habeas corpus filed in this United States District Court, Petitioner raises the following grounds:

**Ground One:** Petitioner was denied his Constitutional Rights to Due Process at the Disciplinary Hearing

**Ground Two:** SCDC's actions violated the Ex Post Facto Clause(s) both State and Federal

**Ground Three:** SCDC's actions did violate the Double Jeopardy Clause(s) of both State and Federal, with multiple punishment for the same crimes

**Ground Four:** The courts in SC have violated Petitioner(s) Right under the First Amendment to petition the Courts for Redress of Grievance.

See Petition, pp. 6-11.

## Discussion

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a



potentially meritorious case;  See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S.

519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear

failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the

existence of a genuine issue of material fact where none exists.  Weller v. Dep't of Social Services,

901 F.2d 387 (4th Cir. 1990).  Here, the undersigned finds for the reasons set forth hereinbelow that

Respondent's motion for summary judgment should be granted, while the Petitioner's motion for

summary judgment should be denied.

## I.

Respondent first argues in his motion, inter alia, that the entire Petition is subject to

dismissal because Petitioner failed to file his application for a writ of habeas corpus in federal court

within one (1) year following the exhaustion of his state court remedies.  This limitations period is part

of the AEDPA,[4] and runs from the latest of -

> (A)  the date on which the judgment became final by the conclusion of direct review
> or the expiration of the time for seeking such review;

> (B)  the date on which the impediment to filing an application created by State action
> in violation of the Constitution or laws of the United States is removed, if the applicant
> was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the
> Supreme Court, if the right has been newly recognized by the Supreme Court and made
> retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have
> been discovered through the exercise of due diligence.

The time during which a properly filed application for State post-conviction or other collateral review
with respect to the pertinent judgment or claim is pending shall not be counted toward any period of
limitation under this subsection.

---

[4]Antiterrorism and Effective Death Penalty Act of 1996.



28 U.S.C. § 2244(d)(1) and (2).

Here, the time restraints of § 2244(d)(1)(A) are applicable to this Petition, as Petitioner is challenging a judgment from his January 2003 SCDC disciplinary hearing and no other provisions apply under the facts asserted. Kimbrell v. Cockrell, 311 F.3d 361, 363 (5th Cir. 2002)[holding that the one-year statute of limitations is applicable to prison disciplinary convictions]; Meeks v. McKoy, No. 09-6208, 2010 WL 1050047 (4th Cir. Mar. 23, 2010)[confirming the applicability of the one-year statute of limitations to challenges of disciplinary convictions](quoting Wade v. Robinson, 327 F.3d 328, 330-331 (4th Cir. 2003)[holding, in a § 2254 action, that the statute of limitations "applies to claims challenging any aspect of custody, so long as the petitioner is in custody pursuant to a state court judgment."]; Green v. Thaler, No. 10-665, 2010 WL 3447547 (S.D.Tex. Aug. 30, 2010)[same]; Herring v. Johnson, No. 07-776, 2008 WL 2277568 (E.D.Va. June 3, 2008)[same].

Respondent contends that this habeas petition is untimely because the South Carolina Supreme Court issued its final order on April 10, 2009, and over one year lapsed prior to Petitioner filing this petition on March 17, 2011. See Respondent's Exhibit 22. As for the South Carolina Supreme Court's subsequent decision on Petitioner's second appeal dated February 16, 2011, Respondent argues that the underlying petition which was the subject of that order was not a "proper step in the exhaustion process", was not therefore a "properly filed" petition, and consequently did not toll the running of the statute. See Respondent's Exhibits 31, 32, and 33.

However, since the South Carolina Court of Appeals dismissed Petitioner's second appeal on the basis of res judicata, and the South Carolina Supreme Court denied certiorari from that ruling, the undersigned cannot find that the underlying petition was not "properly filed" for purposes of determining the AEDPA limitations period. If Petitioner's subsequent appeal had been dismissed

8



by the state court on the basis of being time-barred or some other recognized exception for considering such petitions, it would not have been a properly filed petition and would not have tolled the running of the limitations period. Cf. Allen v. Siebert, 552 U.S. 3, at * 4 (2007)["We therefore reiterate now what we held in Pace: When a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of §2244(d)(2)."](quoting Pace v. DiGuglielmo, 544 U.S. 408, 413-416 (2005))[A state postconviction petition rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2)]]. However, the state court did not make such a finding. Rather, it dismissed Petitioner's second appeal on the grounds of, inter alia, res judicata because of the ruling denying Petitioner relief in his earlier case. Cf. Wilson v. Crosby, No. 03-566, 2006 WL 3219602 (N.D.Fla. Nov. 3, 2006)["[A] state post-conviction motion that was denied as successive was 'properly filed' for AEDPA tolling purposes."](citing Weekley v. Moore, 244 F.3d 874 (11th Cir.2001)).

If the Petitioner's second appeal is classified as a "properly filed" Petition, then this federal habeas action is not time-barred, and based on the grounds stated in the state court's order for dismissal of Petitioner's second appeal, the undersigned does not find that summary judgment is appropriate on the ground argued by Respondent in his motion. McMillian v. Carochi, 198 Fed.Appx. 766 (10th Cir.2006)["Successive state motions for postconviction relief toll 28 U.S.C. 2244(d)(2)'s one-year limitation period as long as they were otherwise 'properly filed.'"].

## II.

Respondent also contends that Petitioner is procedurally barred from presenting his claims in this Court because he failed to exhaust these claims before the state courts. After careful review and consideration of the arguments and exhibits presented, the undersigned is constrained to agree.



Following his conviction at the January 2003 hearing, Petitioner filed a Step 1 grievance with the SCDC on January 21, 2003. <u>See</u> Respondent's Exhibit 15. Following the denial of his Step 1 grievance, Petitioner appealed by filing a Step 2 grievance on May 8, 2003. <u>See</u> Respondent's Exhibit 17. Petitioner then filed a Notice of Appeal with the ALC on June 17, 2003. However, Petitioner never perfected this appeal because he failed to ever provide a factual basis for his claims in compliance with Rule 59, SCALCR [stating the notice of appeal from the final decision of an agency to be heard by the ALC must contain a brief factual basis for each expressly and specifically asserted constitutional violation]. Therefore, Petitioner's appeal was dismissed. <u>See</u> Respondent's Exhibit 19. <u>See</u> <u>also</u> Rule 62, SCALCR [stating that the ALC may dismiss an appeal for failure to set forth the requisite factual basis for the asserted constitutional violations as required by Rule 59]. Petitioner's appeal of this dismissal to the South Carolina Court of Appeals and the South Carolina Supreme Court were both denied. <u>See</u> Respondent's Exhibits 20 and 22. Hence, because Petitioner failed to perfect his appeal of his disciplinary conviction, he failed to exhaust his state court remedies with respect to this conviction. <u>James v. Cohen</u>, No. 07-4163, 2009 WL 426301 at * 4 (D.S.C. Feb. 19, 2009); <u>Servey v. S. C. Dep't. of Corrections</u>, No. 07-3400, 2007 WL 4376076 at * 2 (D.S.C. Dec. 13, 2007).[5]

---

[5]The fact that Petitioner filed a second appeal with the ALC on May 21, 2009 does not save his claim from dismissal on the grounds of exhaustion. That filing was dismissed by the ALC Judge for failure to exhaust because Petitioner had failed to first file a Step 1 or Step 2 grievance prior to filing that action in the ALC court. <u>See</u> Respondent's Exhibit 28. The South Carolina Court of Appeals affirmed pursuant to, in part, Rule 220(c), SCACR, which allows the appellate court to affirm a decision "upon any ground(s) appearing in the Record . . . ." While the Court of Appeals also cited the case of <u>Plum Creek Dev. Co. v. City of Conway</u>, 512 S.E.2d 106 (S.C. 1999)[Noting that res judicata bars subsequent actions by the same parties when the claims arise out of the same transaction or occurrence that was the subject of a prior action between those parties], as a basis for its affirmance of the lower court order; <u>see</u> <u>also</u>, § 1, <u>supra</u>; that was simply a reflection of the fact

(continued...)



Appeals of disciplinary convictions filed by State prisoners are considered under §

2254 and are subject to the various limitations under that statute.  See Meeks v. McCoy, No. 09-6208,

2010 WL 1050047 (4th Cir. Mar. 23, 2010)[Holding that § 2254's is limitations period applied to

Petitioner's challenge of his disciplinary conviction]; Coady v. Vaughn, 251 F.3d 480 (3d Cir.

2001)[State inmate challenging execution of sentence must proceed under 28 U.S.C. § 2254, not 28

U.S.C. § 2241].  Under the rules applicable to § 2254 actions, since Petitioner did not properly perfect

his ALC appeal and exhaust his state court remedies, Petitioner's claims are barred from further state

collateral review; Whiteley v. Warden, Wyo. State Penitentiary, 401 U.S. 560, 562 n. 3 (1971); Wicker

v. State, 425 S.E.2d 25 (S.C. 1992); Ingram v. State of S.C., No. 97-7557, 1998 WL 726757 at **1

(4th Cir. Oct. 16, 1998); Josey v. Rushton, No. 00-547, 2001 WL 34085199 at * 2 (D.S.C. March 15,

2001); Aice v. State, 409 S.E.2d 392, 393 (S.C. 1991)[post-conviction relief]; and as there are no

current state remedies for Petitioner to pursue these issues, they are fully exhausted.  Joe v. Hilton, No.

08-2894, 2009 WL 4363192 at * 4 (D.S.C. Dec. 1, 2009)["All three Step 1 grievances were

unprocessed because they were duplicates of other grievances violating the requirement of] [Woodford

v.]Ngo, [548 U.S. 81 (2006)"]; see also Coleman v. Thompson, 501 U.S. 722, 735, n.1 (1991); Teague

v. Lane, 489 U.S. 288, 297-298 (1989).

---

[5](...continued)

that Petitioner had previously been convicted of his disciplinary charges on the merits.  That does not change the fact that Petitioner failed to perfect an appeal of that conviction, and therefore failed to exhaust his state remedies for purposes of Federal Court review.  United States v. Owens, No. 03-20150, 2007 WL 2746939, at * 2 (W.D.Tn. Sept. 18, 2007)[To obtain federal habeas review of the execution of a sentence, including the computation of sentence credit, a prisoner must first exhaust his administrative remedies][U.S. Bureau of Prisons case]. Further, whether res judicata was a proper citation by the Appeal's Court when referring back to Petitioner's disciplinary conviction does not change the fact that Petitioner did not exhaust his state court remedies prior to bring this action in federal court.  James, 2009 WL 426301 at * 4; Servey, 2007 WL 4376076 at * 2; Owens, supra; Cf. Shepard v. Eubanks, No. 89-6565, 1989 WL 117845 (4th Cir. Sept. 22, 1989).



Since Petitioner's claims were not properly pursued and exhausted in the state court, federal habeas review of these claims is now precluded absent a showing of cause and prejudice, or actual innocence. Wainwright v. Sykes, 433 U.S. 72 (1977); Waye v. Murray, 884 F.2d 765, 766 (4th Cir. 1989), cert. denied, 492 U.S. 936 (1989).

> In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman, 501 U.S. at 750.

Here, Petitioner's only argument relating to "cause" was that he lacked awareness of the deficiency in his Appeal Brief to the ALC. See Petitioner's Response in Opposition and Motion for Summary Judgment, pp. 5-8. However, "[a] lack of an awareness of the legal arguments available . . . does not constitute cause to excuse [Petitioner's] failure to have timely raised arguments in state court." Mayberry v. Padula, No. 07-1080, 2007 WL 4292489 at * 4 (D.S.C. Dec. 5, 2007); see also Saahir v. Collins, 956 F.2d 115, 118-119 (5th Cir. 1992)[holding that neither prisoner's pro se status nor ignorance of the law constitutes "cause"]; Stanley v. Lockhart, 941 F.2d 707, 710 (8th Cir. 1991)[Petitioner's lack of knowledge does not constitute sufficient cause to overcome the default.].

Therefore, Petitioner has failed to show cause for his procedural default on his claims. Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir. 1990), cert. denied, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."]; cf. Cano v. Pettiford, No. 06-1906, 2007 WL 2579971, at * 3 (D.S.C. Sept. 4, 2007)[Failure to exhaust may only be excused by a showing of both cause and prejudice]. Further, Petitioner has

12



also failed to make any showing that a fundamental miscarriage of justice will occur if these claims are not considered. Wainwright v. Sykes, supra; Murray v. Carrier, 477 U.S. 478 (1986); Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing Murray v. Carrier, 477 U.S. at 496); Sawyer v. Whitley, 505 U.S. 333, 348 (1992); Bolender v. Singletary, 898 F.Supp. 876, 881 (S.D.Fla. 1995). Hence, these claims are procedurally barred from consideration by this Court, and must be dismissed. Id.; see 28 U.S.C. § 2254.

## Conclusion

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, that the Petitioner's motion for summary judgment be **denied**, and that this case be **dismissed**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

December 16, 2011
Charleston, South Carolina

13



### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

