IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Roy Garey Lindsey, ) | |
| ) | C/A No. 9:11-695-MBS |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| Bernard McKie, Warden, ) | |
| ) | |
| Respondent. ) | |

  Petitioner Roy Garey Lindsey is a prisoner in the custody of the South Carolina Department of Corrections who currently is housed at the Kirkland Correctional Institute. Petitioner, filing *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that he is being held in custody unlawfully. Petitioner challenges his loss of good time credits after being found guilty of escape in a disciplinary hearing.

  This matter is before the court on Respondent's motion for summary judgment filed June 2, 2011. ECF No. 16. By order filed June 6, 2011, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. ECF No. 19. Petitioner filed a response in opposition to Respondent's motion on July 11, 2011, and also moved for summary judgment. ECF No. 27. Respondent filed a reply on July 18, 2011, and a response in opposition to Petitioner's summary judgment motion on July 28, 2011. ECF No. 28; ECF No. 29.

  In accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. The Magistrate Judge issued a Report and Recommendation on December 16, 2011, in which he recommended that Respondent's motion for summary judgment be granted and that Petitioner's

motion for summary judgment be denied. ECF No. 30. On January 9, 2012, Petitioner filed objections to the Report and Recommendation. ECF No. 32. On January 26, 2012, Respondent filed a reply. ECF No. 34.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## I. FACTS

Petitioner was originally convicted of armed robbery and sentenced to a term of imprisonment for ten years and two months, beginning on May 4, 1972. ECF No. 16-1 at 2. Since that time, Petitioner has apparently been continuously incarcerated in the South Carolina Department of Corrections ("SCDC") prison system, with the exception of a release on parole between 1983 and 1986. *See id.* at 2-4. Petitioner has been convicted in court of escape or attempted escape on eight occasions, and has been convicted of numerous other crimes. *Id.* at 2. His current projected release date is May 30, 2014. *Id.*

In his present action, Petitioner challenges a January 7, 2003 disciplinary hearing in which he was found guilty of escape and deprived of 4,560 days of good time credits. *See* ECF No. 16-3 at 2. This conviction arose out of a March 22, 1997 incident in which Petitioner and two other inmates escaped from the Kirkland Correctional Institution by climbing a fence,

overpowering the driver of a garbage truck, and driving the truck through two gates. ECF No. 16-4 at 2. The inmates were quickly apprehended after the garbage truck collided with several civilian vehicles and crashed. *Id.* Petitioner was charged in South Carolina state court with escape, carjacking, and malicious injury to real property. ECF No. 16-5; ECF No. 16-6; ECF No. 16-7. After pleading guilty to all charges, Petitioner was sentenced to five years imprisonment for each charge, with the prison terms running concurrently with each other and consecutive to Petitioner's prior sentences. *Id.*

The SCDC also charged Petitioner with three disciplinary infractions based on the incident. On August 20, 1997, Petitioner was convicted in a disciplinary hearing of robbery with force, escape with force, and damage or destruction or defacing of property. ECF No. 16-4 at 2. As a result, Petitioner was deprived of 4,740 days[1] of good time credit. *Id.*; ECF No. 16-9 at 2. After exhausting the prison grievance procedure, Petitioner appealed the SCDC decision to the state Administrative Law Court ("ALC"). ECF No. 16-9 at 2. On November 8, 2001, Administrative Law Judge C. Dukes Scott found that because the SCDC had not produced a transcript of Petitioner's disciplinary hearing or otherwise created an adequate record, "there [was] no evidence upon which [he could] rely to find that [Petitioner] was afforded due process." *Id.* at 2-3. As a result, Judge Scott remanded the case and ordered the SCDC to "conduct a contested case hearing on the charges stemming from [Petitioner's] escape pursuant to the Administrative Procedures Act . . . so that a reviewable record may be created." *Id.* at 3-4.

On February 7, 2002, the SCDC conducted a second disciplinary hearing and convicted

---

[1] Petitioner was deprived of 4,560 days for the escape charge and 180 days for the robbery charge. ECF No. 16-4.

Petitioner of escape.  ECF No. 16-10; ECF No. 16-11.  Petitioner appealed this conviction through the prison grievance system and was denied at the "Step 1" and "Step 2" levels.  *Id.*  However, on August 15, 2002, after Petitioner appealed to the ALC, the Warden overturned Petitioner's conviction and granted approval to rehear the case.  ECF No. 16-12 at 2.  On August 21, 2002, the SCDC conducted a third disciplinary hearing and again convicted Petitioner of escape.  ECF No. 16-13; ECF No. 16-15.  Petitioner appealed this conviction through the prison grievance system and was denied at the "Step 1" level.  ECF No. 16-13.  However, on November 21, 2002, Petitioner's conviction was overturned at the "Step 2" level "[b]ased on the fact that the SCDC form 19-69 was completed incorrectly," and approval to rehear the case was granted. ECF No. 16-15.

On January 7, 2003, Petitioner was once again convicted of escape in a fourth disciplinary hearing and deprived of 4,560 days of good time credits.  ECF No. 16-3 at 2. Petitioner appealed this conviction through the prison grievance system by filing a "Step 1" complaint.  ECF No. 16-14.  Petitioner next filed an appeal with the ALC, which was dismissed on April 28, 2003 because Petitioner had not exhausted available administrative remedies.  ECF No. 16-16.  The SCDC denied Petitioner's "Step 1" complaint on May 7, 2003, although the Warden noted that Petitioner would only lose 1,300 days of good time credits rather than 4,560 days because he had only accrued 1,300 days at the time of his escape.  ECF No. 16-14. Petitioner's grievance was denied at the "Step 2" level on May 26, 2003, and Petitioner was notified that he had a right to appeal.  ECF No. 16-17.

Petitioner appealed his conviction to the ALC on June 17, 2003.  ECF No. 16-18.  On September 17, 2007, this appeal was dismissed pursuant to ALC Rule 62 because Petitioner had

not provided a factual basis for his claims. ECF No. 16-19. Petitioner appealed this decision to the South Carolina Court of Appeals, which affirmed the decision in an unpublished opinion filed on September 9, 2008. ECF No. 16-20. Petitioner filed a petition for rehearing with the Court of Appeals, which was denied on October 27, 2008. ECF No. 16-21. Petitioner next filed a petition for writ of certiorari with the South Carolina Supreme Court; this was denied on April 10, 2009. ECF No. 16-22.

On April 28, 2009, Petitioner filed a petition for writ of habeas corpus in this district based on his disciplinary conviction. ECF No. 16-23. However, on July 10, 2009, before the respondents had responded to the petition, Petitioner moved to voluntarily dismiss his case in order to "give the state courts another change to rule on the merits of the complaint before bringing his petition to Federal Court." ECF No. 16-24. This motion was granted.

On April 30, 2009, Petitioner filed an appeal with the ALC appealing a final decision of the SCDC dated April 8, 2009. ECF No. 16-25. The "final decision" to which Petitioner referred was an April 8, 2009 letter sent to him by Rob Peele, a SCDC staff attorney, in response to Petitioner's January 29, 2009 letter. ECF No. 17-1. Mr. Peele informed Petitioner that his good time credits had been properly taken away after a disciplinary hearing that complied with constitutional due process standards. *Id.* On May 21, 2009, Petitioner filed a "supplemental appeal" with the ALC because he felt that his previous "notice of appeal was not adequate enough." ECF No. 17-2. On September 17, 2009, Chief Administrative Law Judge Ralph King Anderson, III, dismissed Petitioner's appeal on the ground that Petitioner had not previously exhausted his administrative remedies by filing a "Step 1" and "Step 2" prison grievance. ECF No. 17-3. Petitioner appealed this decision to the South Carolina Court of Appeals, which

affirmed the decision in an unpublished opinion filed on October 28, 2010. ECF No. 17-4. The Court of Appeals denied Petitioner's petition for rehearing on December 17, 2010. ECF No. 17-5. Petitioner filed a petition for writ of certiorari with the South Carolina Supreme Court, which was denied on February 16, 2011. ECF No. 17-6; ECF No. 17-7.

On September 24, 2009, one week after Petitioner's appeal was dismissed by the ALC for failure to exhaust administrative remedies, Petitioner filed a "Step 1" prison grievance dealing with his 2003 disciplinary conviction. ECF No. 17-9. This complaint was forwarded to the "Step 2" level and denied on January 12, 2010, on the grounds that the issue had been previously addressed and that the grievance was not filed within fifteen days of the 2003 conviction. ECF No. 17-10. Plaintiff appealed this decision to the AJC, and Administrative Law Judge John D. McLeod dismissed the appeal on January 27, 2011 on the ground that Petitioner's appeal of the previous ALC order was still pending. ECF No. 17-11. Judge McLeod also recommended that prison disciplinary sanctions be imposed on Petitioner because he had filed frivolous and duplicative claims for the purpose of harassment. *Id.* at 3-4.

Petitioner filed the present petition for writ of habeas corpus on March 23, 2011. ECF No. 1. Petitioner alleges that he was denied due process at his disciplinary hearing, that his disciplinary conviction violated the Ex Post Facto clause and the Double Jeopardy clause of the Constitution, and that the South Carolina courts have violated his First Amendment right to petition the courts for redress. *Id.* at 5-10. The petition is governed by the terms of 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which became effective on April 24, 1996.

## II. STANDARD OF REVIEW

To prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) he is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The facts and any inferences drawn from the facts should be viewed in a light most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in her pleadings; rather she must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324.

A federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). An application for a writ of habeas corpus with respect to a claim that was adjudicated on the merits in state court proceedings cannot be granted unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A determination of a factual issue made by a state court is presumed to be correct. Petitioner has the burden of rebutting the presumption of correctness by clear and

convincing evidence. 28 U.S.C. § 2254(e)(1). Habeas corpus is the appropriate mechanism for a state prisoner to challenge "the fact or duration of his confinement," which includes a loss of good time credits. *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005); *see also Preiser v. Rodriguez*, 411 U.S. 475 (1973).

A decision is "contrary to" clearly established federal law if it either applies a legal rule that contradicts prior Supreme Court holdings or reaches a conclusion different from that of the Supreme Court "on a set of materially indistinguishable facts." *Buckner v. Polk*, 453 F.3d 195, 198 (4th Cir. 2006) (quoting *Williams v. Taylor*, 529 U.S. 362, 413 (2000)). A decision is an "unreasonable application" of clearly established federal law if it "unreasonably applies" a Supreme Court precedent to the facts of the petitioner's claim. *Id.* (quoting *Williams*, 529 U.S. at 413). The court's "review is . . . deferential because [the court] cannot grant relief unless the state court's result is legally or factually unreasonable." *Bell v. Jarvis*, 236 F.3d 149, 163 (4th Cir. 2000) (quoting *Aycox v. Lytle*, 196 F.3d 1174, 1178 (10th Cir. 1999)).

### III. DISCUSSION

The Magistrate Judge found that Petitioner is procedurally barred from presenting his claims in this court because he failed to properly exhaust these claims in state court. ECF No. 30 at 9-10. Specifically, the Magistrate Judge found that Petitioner failed to perfect his 2003 appeal to the ALC by providing a factual basis for his claims as required by court rules. *Id.* at 10. In his objections, Petitioner provides numerous arguments as to why his claims are not procedurally defaulted and why any such default should be excused. ECF No. 32. Because Petitioner's claims are clearly without merit, the court finds it appropriate in this case to reject Petitioner's claims on the merits rather than rely on procedural default.

"The touchstone of due process is protection of the individual against arbitrary action of government." *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974). Before a prisoner may be deprived of a protected liberty interest in good time credits, he must be given some procedural protection. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff*, 418 U.S. 539 (1974)). This includes "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Id.* Additionally, "some evidence" must support the decision by prison officials to revoke good time credits. *Id.* at 455. However, procedural errors are subject to harmless error analysis; if there is no indication how an alleged error may have prejudiced a petitioner, habeas relief is not available. *See Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 813 (10th Cir. 2007); *Brown v. Braxton*, 373 F.3d 501, 508 (4th Cir. 2004); *Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003).

At Plaintiff's January 7, 2003 disciplinary hearing, he admitted that he had escaped on May 22, 1997 as charged. ECF No. 17-13 at 5. Plaintiff's arguments at the hearing did not deal with the substance of his charge, and rather focused on his belief that it was unlawful and improper for him to be both convicted in state court and punished through prison disciplinary proceedings for the same conduct. *See generally* ECF No. 17-13. Plaintiff also attempted to explain how the SCDC had failed to follow several of its own guidelines. *See generally id.* Plaintiff now alleges that his due process rights were denied because he was not provided with twenty-four hours notice of the hearing, because he was denied the right to call witnesses at the hearing, because he was denied assistance in preparing for the hearing, because his defense was

9

not allowed to be heard, and because he was denied a fair and impartial hearing officer. ECF No. 1 at 5.

The arguments in Petitioner's brief deal largely with the SCDC's failure to follow its internal procedures and do not suggest that any such errors might have caused him to be convicted of an infraction that he did not commit. *See* ECF No. 27 at 16-26. However, federal habeas relief is not available based on errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Petitioner must show that the hearing he was afforded fell below the minimum standards required by due process and that he was prejudiced by this deficient procedure. The court notes that Petitioner admits he was given advance notice of the hearing, and alleges only that the notice given to him did not include the date and time of the hearing. ECF No. 27 at 20. The court also notes that Petitioner was provided with a written explanation of his disciplinary action and the evidence supporting it. ECF No. 16-3. Although Petitioner states that he was not permitted to call witnesses, the hearing transcript reveals that none of the many witnesses he wished to call would have given testimony relevant to the substance of his escape charge. *See* ECF No. 17-13.

Petitioner has not shown that the procedure he was provided before being deprived of good time credits violated his constitutional right to due process. Furthermore, there is no question that the SCDC had more than "some evidence" supporting its decision that Petitioner had in fact escaped from prison. Finally, even assuming that Petitioner could demonstrate that the procedure was constitutionally infirm in some way, he has provided no explanation of how a better procedure would have helped him to rebut the disciplinary charges against him. Accordingly, Petitioner cannot demonstrate that he was unconstitutionally deprived of his good

time credits.

  Petitioner's remaining claims are likewise without merit. Petitioner claims that he was subjected to double jeopardy in violation of the Fifth Amendment because he was disciplined in prison for the same conduct for which he had already been punished in state criminal court. However, "prison discipline does not preclude a subsequent criminal prosecution or punishment for the same acts," even if the prison discipline lengthens the prisoner's term of incarceration. *Garrity v. Fiedler*, 41 F.3d 1150, 1151-52 (7th Cir. 1994). Petitioner also claims that the Ex Post Facto clause was violated because the SCDC applied certain disciplinary procedure policies to his escape charge even though these policies were adopted after the date of the escape incident. *See* ECF No. 27 at 29-30. "[A]ny statute which punishes as a crime an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with crime of any defense available according to law at the time when the act was committed, is prohibited as *ex post facto*." *Collins v. Youngblood*, 497 U.S. 37, 42 (1990) (quoting *Beazell v. Ohio*, 269 U.S. 167 (1925)). Petitioner's claim fails because a prison disciplinary infraction is not a "crime," because a SCDC policy is not a "statute," and because in any event the policy did not newly prohibit escape or increase the authorized disciplinary penalty for escape. Finally, Petitioner's claim that his "First Amendment right to petition the courts for redress" has been denied does not concern whether he is unlawfully in custody and therefore is not cognizable in a petition for habeas corpus.

## IV. CONCLUSION

  The court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge. Petitioner's motion for summary judgment is denied, Respondent's motion

for summary judgment is granted, and the case dismissed.

## V.  CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases, as effective December 1, 2009, provides that the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that Petitioner has not made the requisite showing.   Accordingly, the court denies a certificate of appealability.

**IT IS SO ORDERED**.

                                                            s/ Margaret B. Seymour
                                                            Chief United States District Judge

Columbia, South Carolina

March 16, 2012

### NOTICE OF RIGHT TO APPEAL

**Petitioner is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**